Connors *v.* Dempsey et al., Appellants.

Argued January 27, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer and Maxey, JJ.

*Clarence Balentine,* with him *Thomas Hanahue, T. A. Donahoe* and *Edward J. Kelly,* for appellants.—Connors did not sell the property and is not entitled to commissions.

The court says in its opinion, that the defendants were virtually the owners of the brewery property: Sechler v. Baughman, 98 Pa. Superior Ct. 406. It is true that defendants own practically all of the stock and were two of the officers, but there was other stock owned, however, and there were other officers of the company.

The articles of association of the Keystone Brewing Co. have been put in evidence and there can be no question but that it is a Pennsylvania corporation and chartered as a manufacturing company: Spillane v. Shirley, 22 Pa. Dist. R. 319; Miller Paper Co. v. Paper Co., 34 Pa. Superior Ct. 315; Cochran v. Shetler, 286 Pa. 226; Childs v. Adams, 43 Pa. Superior Ct. 239.

*Stanley F. Coar,* with him *Frank J. McDonnell* and *David J. Reedy,* for appellee.—The question here has been fully and squarely passed upon by the Superior Court of Pennsylvania in Sechler v. Baughman, 98 Pa. Superior Ct. 406; Lieberman v. Colahan, 267 Pa. 102.

OPINION BY MR. JUSTICE SIMPSON, March 16, 1931:

Defendants appeal from the judgment entered on a verdict for plaintiff, in an action to recover from them an agreed-upon commission for selling certain real estate in the City of Scranton. The only errors assigned are to the refusal of the trial judge to give binding instructions in their favor, and to the action of the court in banc in dismissing their motion for judgment non obstante veredicto. Under such circumstances, all the evidence and the inferences fairly deducible therefrom, which are favorable to plaintiff, must be taken as true, and all that are unfavorable to him, if depending solely on oral evidence, must be rejected: Donnelly v. Pub.

Ser. Com., 268 Pa. 345; Statler v. P. R. R. Co., 296 Pa. 222. Thus viewed, plaintiff's right to recover is so clear that but little need be said. The facts thereby ascertained are as follows:

Plaintiff, who had previously tried to sell the realty in question for defendants, was asked by them to try to do so again, they being willing to accept a lower price than formerly demanded. He demurred because of the failure of the earlier attempts, but in consideration of their promise to pay him a commission of five per cent of the purchase price, if he succeeded in effecting a sale, he finally agreed to act. After negotiations with others, as well as with the possible purchaser with whom he had previously dealt, he induced the latter to come to Scranton, and, in plaintiff's presence, to negotiate with defendants and finally to agree to buy the property at a price in excess of that at which defendants were willing to make the sale. The purchaser paid the down money required; later a formal option was executed by defendants and the purchaser, at which time he paid additional hand money; and still later the purchase was consummated and the balance of the price agreed upon was paid or secured in a way satisfactory to defendants. Notwithstanding this, they refused to pay the commission which they had promised plaintiff, and this suit resulted. The trial judge charged the jury that plaintiff could not recover unless he was "employed as he alleges, and......the property was sold as a result of his efforts." The verdict for plaintiff establishes both of these facts in his favor.

Appellants challenge the right to recover on two grounds only: 1st, because the title to the property was in a corporation and not in them, and, 2d, because plaintiff did not effect the sale. It is expressly admitted in appellants' brief that they "were the owners of practically all the stock" of the corporation. This, however, is not essential to plaintiff's right to recover. What is material is that defendants agreed to pay plaintiff if his

efforts resulted in the sale, and that the corporation, qua corporation, had nothing to do with his employment or the agreement to compensate him. As already pointed out, the jury found, upon ample evidence, that defendants made the contract, and plaintiff fully performed his part of it. When defendants pay this verdict, they will have performed their part also.

The judgment of the court below is affirmed.