Milliken *v.* United Laundries, Appellant.

Argued April 22, 1932.

Before TREXLER, P. J., GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Fred J. Jordan,* and with him *Murry J. Jordan,* for appellant.

*G. D. Prather* of *Humes and Prather,* for appellee.

OPINION BY GAWTHROP, J., July 14, 1932:

Plaintiff, the owner of an automobile, recovered a judgment in the county court of Allegheny County in an action of trespass for damages resulting to his automobile when he drove it into the rear of defendant's motor truck which had been stopped and was standing on the right side of the public highway on which plaintiff was travelling. This appeal is from the refusal of the court of common pleas to grant an appeal. The single question presented to us is whether plaintiff was guilty of contributory negligence as a matter of law.

Considering the evidence in the light most favorable to plaintiff by accepting as true all the facts and proper inferences of fact which tend to sustain plaintiff's contention, and rejecting all those to the contrary, if depending solely upon testimony, as we must do in considering this question (Connors v. Dempsey, 303 Pa. 128), the facts are as follows:

Plaintiff, at 12:15 A. M. on a dark foggy night, was driving his automobile at a speed of thirty or thirty-

five miles an hour eastwardly on Dixmont Road, a public highway thirty-five feet wide, paved with brick and substantially level. Defendant's truck, with no light on the rear, which had a large covered body about eight feet in width and had been travelling in the same direction, was stopped on the south or right-hand side of the paved portion of the highway. Plaintiff's lights were in good condition so that, in his own words, he could "normally" see "possibly a hundred feet or two hundred feet ahead......plenty far enough that I could see good at night if I wanted to." As he approached the point where the truck was standing, on "a straight stretch of road," and in his own words "you could see approximately one-eighth of a mile or so down the road," he saw the lights of an approaching car. He testified: "I saw the lights a good many feet ahead of me, yes; that is why I was keeping over to the side of the road...... I could see the lights out there for quite a ways." He did not see or learn of the presence of the defendant's truck until it was too late to stop his car in time to avoid running into the rear of it. He testified that he was about thirty-five or forty feet from the truck when he first noticed it, and that he then applied his brakes, which were in good condition, but that his car skidded ahead about thirty feet through the slush on the street and into the truck. When he was asked why he did not stop before colliding with the truck, if his "lights showed ahead approximately a hundred feet," he said that he had testified that they showed that distance normally, but that "when I came down there and started up through that dark, foggy, misty place it was a little bit foggy and misty, the truck would not show until I was right on it."

In our view plaintiff's own testimony makes his contributory negligence clear. Section 1002 of the Vehicle Code of May 1, 1929, P. L. 973, provides that

"no person shall drive any vehicle upon a highway
......at a speed greater than will permit him to bring
the vehicle to a stop within the assured clear distance
ahead." It has been decided over and over again that
it is the duty of a motorist travelling at night to have
his car under such control that he may stop or turn
it away when objects intercepting his passage come
within the range of his lights. See Brink v. City of
Scranton, 85 Pa. Superior Ct. 342; Filer v. Filer, 301
Pa. 461; Mason v. C. Lewis Lavine, Inc., 302 Pa. 472;
Simrell v. Eschenbach, 303 Pa. 156; O'Rourke v. Wash-
ington City, 304 Pa. 78. In the Simrell case the court
said that this is so even where the vision is shortened
either by storm or other conditions, and that "where a
driver of an automobile going at the rate of twenty-
five miles an hour at night, runs into a standing truck,
he is guilty of contributory negligence, where, accord-
ing to his own testimony, he could see the truck only
when within twenty-five feet of it, which was not in
time for him to stop or turn aside." The clear effect
of plaintiff's testimony is that he not only did not,
but could not, stop his car "within that assured clear
distance ahead," which was thirty-five feet. A speed
of thirty miles per hour is at the rate of forty-four
feet per second. Therefore, plaintiff had to stop his
car less than one second after he could see the truck,
in order to avoid striking it. Obviously this was im-
possible and he should have known it. At least he is
chargeable with knowledge of it and his conduct is to
be judged accordingly. In our view the case is radi-
cally different on its facts from Farley v. Ventresco,
103 Pa. Superior Ct. 98, and Cupples, Jr. v. Yearick, 99
Pa. Superior Ct. 269, and is not ruled by them. The case
is barren of any testimony to the effect that plaintiff
was blinded by the lights of the approaching car, so
that he could not see the negligently parked truck, or
that he had any other reasonable excuse for his failure

to drive at such a speed that he could stop within the range of his lights. If he could see an object as large as a truck for only thirty-five feet, then he should have modified his speed accordingly. This he failed to do, and, when asked the reason, contented himself by stating that driving at thirty-five or forty miles an hour "is not anything out of the ordinary." Our conclusion is that, on the facts developed by his own testimony, plaintiff was guilty of such contributory negligence as bars his recovery.

The order of the common pleas is reversed and judgment is here entered for defendant n. o. v.