Stadale et al. *v.* John J. Felin and Company, Inc., Appellant.

Argued October 3, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. B. H. Carter,* with him *Charles E. Kenworthey* and *Evans, Bayard & Frick,* for appellant.

*Richard S. MacFarland,* with him *Leo MacFarland,* for appellees.

OPINION BY STADTFELD, J., November 13, 1935:

This is an action in trespass brought by Joseph J. Stadale, Jr., a minor, by his next friend and father, Joseph J. Stadale, and Joseph J. Stadale in his own right, for personal injuries and property damage suffered by Joseph J. Stadale, Jr., in a rear end collision of his car with the truck of the defendant at Broad and Jefferson Streets in the City of Philadelphia on July 5, 1933, at 6:30 A. M. daylight saving time. At the conclusion of the plaintiff's testimony, a non-suit was entered in favor of the defendant against Joseph J. Stadale, on account of the minor plaintiff being of full age and being the owner of the car.

According to the plaintiff's testimony, defendant's truck, travelling south, passed him on the right at a point approximately one hundred feet north of the intersection of Broad and Jefferson Streets, and drew ahead of him so that when the truck reached the intersection he, the plaintiff, was twenty feet to the rear thereof. He was proceeding at thirty miles per hour in the far left lane and the defendant's truck was in the extreme right lane; there being three southbound lanes altogether.

With the vehicles in this position the truck, without warning, started to turn left into Jefferson Street, and, although plaintiff applied his brakes, he could not stop in time to avoid colliding with the left rear corner of defendant's truck.

According to the defendant's driver, he was proceeding in the left hand lane; as he approached Jefferson Street he slowed down to ten miles per hour, and had put out his hand when he was forty feet from the corner, and passed plaintiff on the latter's right.

Defendant offered in evidence two photographs taken five minutes after the accident by an officer attached to the Accident Investigation Department, which showed that when the cars came to a stop at the southeast corner of Broad and Jefferson Streets, the plaintiff's car was wedged into the rear of the defendant's truck.

The plaintiff, in a signed statement taken at the police station about an hour after the accident, stated that he had not seen the truck before he ran into it.

At the conclusion of the testimony, defendant's counsel presented a written point for binding instructions, which point the court refused.

The jury rendered a verdict for the plaintiff, Joseph J. Stadale, Jr., and assessed damages at $400. Subsequently, defendant moved for judgment non obstante veredicto, which motion was refused. From the judgment entered on the verdict, this appeal was taken.

The only assignments of error relate to the refusal of binding instructions for defendant and the refusal of motion for judgment n. o. v. In the disposition of this appeal the testimony and proper inferences therefrom must be considered in the light most favorable to plaintiff: Lelar v. Quaker City Cabs, 108 Pa. Superior Ct. 15, 164 A. 105. The verdict of the jury establishes the negligence of defendant's driver and the want of contributory negligence on the part of the plaintiff.

Appellant contends that plaintiff was guilty of con-

tributory negligence as a matter of law, for the reason that the point of collision as fixed by the plaintiff was in the lane in which he was traveling, and the point of contact was the left rear of the truck as it was turning. Appellant relies on the Act of May 1, 1929, P. L. 905, Art. X, Sec. 1002, as amended, and cites the case of Lelar v. Quaker City Cabs, supra, in support of his position. That act provides, inter alia, as follows: "No person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." There is no question concerning the duty of one driving a car in the rear of a car preceding him to so regulate the speed of his car as to prevent a rear end collision: Zandras v. Moffett, 286 Pa. 477, 133 A. 817; Lang et al. v. Hanlon et al., 302 Pa. 173, 153 A. 143; McIlhenny v. Baker, 63 Pa. Superior Ct. 385; Cormican v. Menke, 306 Pa. 156, 159 A. 36; Milliken v. United Laundries, 105 Pa. Superior Ct. 286, 161 A. 873. That act, however, has no application under the facts of the instant case. Plaintiff, with an admittedly clear view of the empty crossing, had no reason to expect that his path would be blocked. He was maintaining his rate of thirty miles per hour, and was not bound to anticipate any negligent act on the part of the defendant's driver: Weiss v. Pittsburgh Railways Co., 301 Pa. 539, 152 A. 674. In addition, the violation of a statute by one suing for personal injuries is not contributory negligence, unless it is shown to have been the proximate cause of the injury: Lane v. E. A. Mullen, Inc., 285 Pa. 161, 131 A. 718; Miller v. Southern Asphalt Co., 314 Pa. 289, 171 A. 472. Plaintiff testified that no signal was given by defendant's driver before attempting to make the turn, and while this was denied by the latter, the case presented a ques-

tion for the jury. The case was submitted in a fair and impartial charge to which no exception was taken.

Appellant further contends that the physical facts defeat plaintiff's right to recover, relying upon the photographs which were offered in evidence, showing plaintiff's car wedged in under the rear of defendant's truck. These photographs were taken five minutes after the collision and away from the point of impact. The rule invoked has no application to moving objects.

All of the cases cited by appellant are readily distinguishable from the instant case.

The assignments of error are overruled and judgment affirmed.