Levine, Appellant, *v.* Pittsburgh Railways Company.

Argued November 20, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*H. N. Rosenberg,* with him *Rosenberg and Rosenberg,* for appellants.

*Earl W. Brieger,* for appellee.

OPINION BY WRIGHT, J., January 21, 1958:

Cylvia, Esther, and Bernard Levine instituted an action in trespass against the Pittsburgh Railways Company, hereinafter called the Company, to recover damages resulting from a collision between Cylvia's automobile and the Company's trolley. Cylvia was the bailor of the car, Bernard was the operator, and Esther, Bernard's wife, was a passenger. Upon petition of the Company, the parties plaintiff were severed, and Bernard was joined as an additional defendant in the actions of Cylvia and Esther. At the trial, the jury returned a verdict for Bernard in his individual action, and for Cylvia and Esther against the Company only. The court en banc entered judgment n.o.v. in Bernard's action, and granted a new trial in the other two actions. These appeals followed.

The collision occurred on Sunday, March 8, 1953, at about four o'clock in the afternoon. The weather was clear and visibility was good, but the streets were slushy because of a recent snow. Bernard and Esther were traveling east on Forbes Street between Murray and Shady Avenues. Their original intention was to visit Esther's mother, but they decided instead to go to a movie downtown. Forbes Street is sufficiently wide at that point to accommodate two trolley tracks, with a traffic lane and a parking lane on either side of the tracks. Bernard testified that he pulled over to the curb on the south side of Forbes Street and stopped the car for thirty to sixty seconds. Immediately opposite, on the north side of Forbes Street, there was a driveway leading to a parking lot in the rear of Jo-

seph's Steak House. Bernard put on his left turn signal and looked in the side view mirror preparatory to crossing the street into the driveway. He noticed the Company's trolley approaching from the west, coming through the intersection of Forbes and Murray at a distance of approximately two hundred feet. He put the car in first gear and proceeded to make a left turn. When he reached the eastbound track, he stopped the car. At that time he noticed the trolley was approximately one hundred fifty feet to his left with no intervening traffic. There was no traffic approaching from his right. He thereupon continued to cross the street. When he reached the westbound track, he stopped again, with the car then broadside on the eastbound track, and looked first to his right and then to his left. At that time the trolley was approximately forty feet away, "and I got excited and I stepped on the gas, tried to get it out of there, but I had chains on. I couldn't move fast. It was slushy. I couldn't get out of the way". The operator for the Company testified that Bernard suddenly, and without any signal, attempted to make a "U" turn[1] directly in front of the trolley. The operator was corroborated by the testimony of three passengers in the trolley, and also by a city policeman who testified that Bernard stated after the collision that he was in the process of making a "U" turn.

Viewing the testimony in the light most favorable to the plaintiff, *Harris v. DeFelice,* 379 Pa. 469, 109 A. 2d 174, we agree with the court below that Bernard was guilty of contributory negligence. While contributory negligence should be declared as a matter of law only when it is so closely revealed that fair and reasonable persons could not disagree as to its existence,

---

[1] See section 1026(b)4 of The Vehicle Code of 1929, P. L. 905, 75 P.S. 635.

*McMillan v. Mor Heat Oil & Equipment Co.*, 174 Pa. Superior Ct. 308, 101 A. 2d 413, we have concluded that such a declaration is required in the present factual situation. In this connection we quote with approval the following excerpt from the well-considered opinion of Judge LEWIS for the court en banc:

"Bernard Levine pulled out from the curb after seeing the street car coming through the intersection 200 feet away. He stopped his car when the front end was at the first eastbound rail. He looked to the left and saw the street car 150 feet away. He then moved forward, across the first rail, and then stopped his car before it had cleared the eastbound track and before looking to his left to determine the location of the approaching street car. There was no reason to stop the car because there was no traffic approaching from the right to impede his progress. Instead of looking to his left to see how far away the approaching street car was before stopping, he first stopped his car, looked to his right and then to his left, during which time he had no idea how close the approaching car was to him . . .

"The plaintiff knew that to his left on the eastbound track there was a source of danger—the approaching street car. Instead of looking to his left to see how far away the street car was before stopping his car, he stopped his car on the [eastbound] track, looked to his right and then to his left, with the result that he was not able to get away from the approaching danger before being struck."

We deem it unnecessary to detail and distinguish the factual situations in the cases cited in appellants' brief.[2] It is sufficient to state that they are not con-

---

[2] *Stadale v. Felin & Co.*, 119 Pa. Superior Ct. 364, 181 A. 327; *Doran v. Pittsburgh Railways Co.*, 343 Pa. 204, 22 A. 2d 826; *Peden*

trolling here. Furthermore, the granting of a new trial in the actions of Cylvia and Esther was entirely proper. Since Bernard was negligent as a matter of law, recovery by Cylvia and Esther against the Company alone cannot be permitted. As pointed out by the court below, "it becomes clear that any verdict against the Pittsburgh Railways Company alone would not only be inconsistent with the finding that Bernard Levine was negligent but it certainly follows that such a verdict is against the weight of the evidence".

Judgment and orders affirmed.

*v. Baltimore and Ohio Railroad Co.*, 324 Pa. 444, 188 A. 586; *Connor v. Philadelphia Rapid Transit Co.*, 98 Pa. Superior Ct. 250; *Lavine v. Philadelphia Rapid Transit Co.*, 98 Pa. Superior Ct. 260; *Koren v. George*, 159 Pa. Superior Ct. 182, 48 A. 2d 139; *Shearer v. Pittsburgh Railways Co.*, 145 Pa. Superior Ct. 560, 21 A. 2d 482; *Mitchell v. Philadelphia Rapid Transit Co.*, 85 Pa. Superior Ct. 434; *Wilkerson v. Philadelphia Transportation Co.*, 167 Pa. Superior Ct. 616, 76 A. 2d 430; *McClintock v. Pittsburgh Railways Co.*, 371 Pa. 540, 92 A. 2d 185; *Dandridge v. Exhibitors Service Co.*, 167 Pa. Superior Ct. 143, 74 A. 2d 670; *Podjed v. Wolfe*, 183 Pa. Superior Ct. 542, 133 A. 2d 256.