**BLAIR AND COMPANY, Inc.**

**v.**

**Samuel L. SHOBER, Jr., Elizabeth H. Shober, L. M. C. Smith, Frank A. Weidman and Kittanning Sales Corporation.**

**Civ. A. No. 29781.**

United States District Court
E. D. Pennsylvania.

July 23, 1964.

1. Paragraph 27, amended complaint.

Dechert, Price & Rhodes, Philadelphia, Pa., for plaintiff.

Mancill, Sterling, Magaziner, Semans & Hedges, Philadelphia, Pa., for defendant.

HIGGINBOTHAM, District Judge.

In this diversity of jurisdiction case in which Pennsylvania substantive law is applicable, plaintiff, through the amended complaint, sues defendants for a commission which the defendants "individually and jointly"[1] owe plaintiff for services performed "in procur[ing] a purchaser, Frank Samuels and Company, Inc., for the shares of the capital stock of Kittanning Refractories, Inc."[2] After substantial pretrial discovery, defendant has renewed a "motion to dismiss, presenting defense of failure to state a claim and lack of jurisdiction under Rule 12(b)." A prior motion was denied on January 8, 1963, by Judge Freedman: "[w]ithout prejudice to its renewal on the ground that plaintiff's amended complaint failed to state a claim against the defendants, or any of them, after completion of discovery." By agreement of counsel, the motion to dismiss will be granted as to defendants, L. M. C. Smith, and Kittanning Sales Corporation. Thus the only remaining issue under the instant motion is whether the motion to dismiss should be granted as to defendant, Frank A. Weidman.

**I.**

Plaintiff claims a commission for the sale of the capital stock of Kittanning Refractories, Inc. Frank A. Weidman was a member of the board of directors of Kittanning Refractories, Inc., and at two board of directors' meetings he voted in favor of somewhat ambiguous motions which were passed pertaining to the sale of Kittanning Refractories'

2. Paragraph 11, amended complaint. See also paragraphs 22, 23 and 24, amended complaint.

capital stock. In substance, at an August 23, 1956 special meeting of the board of directors, authorization was given to Mr. Shober, President of Kittanning Refractories, Inc., to offer "all of the outstanding capital stock" of the corporation to Haws Refractory at a minimum of $16.00 per share and "if this was not satisfactory to arrange to get the best offer possible for the sale of said stock." At a second meeting of the board of directors, on September 16, 1958, the following resolution was passed:

> Resolved that Kenneth D. Mann be authorized on behalf of the Board of Directors to negotiate the sale of all or any part of the stock of this corporation to Frank Samuel & Company of Philadelphia, Pa., at the best possible price and to report back to the Board of Directors as soon as possible.
>
> *Resolved that the Board of Directors hereby ratify all acts and proceedings of the officers of this corporation heretofore [sic] completed and accomplished up to this [sic] and the same are hereby ratified and confirmed as if the acts had been done with full consent and permission of the Board of Directors.*
>
> Present were Directors Shober, Weidman, Mann, Callas and Cunningham.

(Emphasis supplied.)

Plaintiff claims that as a result of his efforts, the sale was consummated to Frank Samuels & Company of the Kittanning Refractories, Inc., capital stock, and that for these services he is entitled to a five percent commission. The five percent commission for the sale of *all* of the capital stock would be $15,582.65. The five percent commission for the sale of the capital stock owned *individually* by defendant, Frank A.

Weidman, would amount to $3,228.00. The nub of defendant's jurisdictional contention as to Weidman is: even if there is liability, the maximum liability as to Weidman would be less than the $10,000.00 jurisdictional prerequisite. See 28 U.S.C. § 1332(a). Thus, defendant's right for a dismissal as to Weidman ultimately depends on whether Weidman could be held liable only for the commission ($3,228.00) on the shares of stock which he *individually* owned, or whether as a principal he could have *joint* liability for the total commission ($15,582.65) owed on *all* of the shares sold.

## II.

Under the appropriate tests for granting a motion to dismiss for failure to state a claim under Rule 12(b) (6), I cannot find "to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2 Moore, Federal Practice § 12.08 at 2245 (1962). See Continental Collieries v. Shober, 130 F.2d 631, 635 (3rd Cir. 1942), and cases. generally cited in 2 Moore, Federal Practice § 12.08 at 142–148 (1962 Supp.)

The result would not be different upon treating the motion to dismiss as one for summary judgment as provided in Rule 56. See Federal Rule of Civil Procedure 12(b). See also Smith v. Government of the Virgin Islands, 329 F.2d 135, 142 (3rd Cir. 1964).

As to the issue of possible joint liability of Weidman as a principal, a fact finder could perhaps conclude from the somewhat ambiguous resolutions of the Board of Directors and the related factual context that there is joint liability,[3] and accordingly the prerequisite jurisdictional amount of $10,000.00 could be established. Even bearing in mind the 1963 amendment to Rule 56(e), I cannot find "that no genuine issue remains for trial."

---

3. See Connors v. Dempsey, 303 Pa. 128, 154 A. 296 (1931) ; Rainier v. Champion Container Company, 294 F.2d 96 (3rd Cir. 1961).

The words of Mr. Justice Jackson in Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 628, 64 S.Ct. 724, 729, 88 L.Ed. 967 (1944), are particularly appropriate: "It may well be that the weight of the evidence would be found on a trial to be with defendant," but the probable favorable weight of the evidence in behalf of defendant Weidman is not a sufficient basis for me to grant a summary judgment at this point.

In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), the Supreme Court stated:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claims is apparently made in good faith. *It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.* The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim."[4] (Emphasis added.)

Defendant closely approaches but does not quite surmount the barrier of "legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." See St. Paul Mercury Indemnity Co., supra.

### ORDER

AND NOW, this 23rd day of July, 1964, upon consideration of defendants', A. L. M. Smith, Frank A. Weidman and Kittanning Sales Corporation, motion to dismiss, pursuant to Rule 12(b),

(1) the motion to dismiss plaintiff's amended complaint as to L. M. C. Smith and Kittanning Sales Corporation is granted; and

(2) the motion to dismiss the plaintiff's amended complaint as to Frank A. Weidman is denied.

---

4. See also Wade v. Rogala, 270 F.2d 280 (3rd Cir. 1961).