532 A.2d 36

**Keith W. SPEARING, Appellant,**

v.

**Cynthia G. STARCHER, Appellee.**

Superior Court of Pennsylvania.

Argued May 14, 1987.

Filed Oct. 5, 1987.

---

1. 19 P.S. § 1180–1 et seq., repealed; reenacted at 42 Pa.C.S. §§ 9541–9551.

Mark J. Homyak, Carnegie, for appellant.

Louis C. Long, Pittsburgh, for appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

WIEAND, Judge:

In this appeal from a judgment entered following a defense verdict in which the jury specifically found that the defendant-driver had not been negligent, the plaintiff-appellant argues that the trial court erred when it (1) refused a requested jury instruction on the "last clear chance" doctrine, and (2) gave incorrect jury instructions on the "assured clear distance ahead" rule.

At or about 4:30 a.m. on December 8, 1982, Keith W. Spearing was driving his Volkswagen automobile in a northwardly direction on Route 119 in Indiana County when he allegedly hit a pothole in the road. He testified that the impact caused him to lose control of his vehicle, as a result of which it swerved across the roadway into the southbound lane, where it contacted and slid along a guardrail. The vehicle next struck a bridge abutment, which caused it to bounce into the southbound lane of the roadway, where it came to rest. Finding that he could neither restart his vehicle nor open the door on the driver's side, Spearing was moving across the front seat to exit on the passenger's side when his vehicle was struck by a vehicle operated in a southwardly direction by Cynthia G. Starcher. Spearing sustained severe and permanently disabling injuries.

The jury hearing the action which Spearing filed against Starcher found, in response to a special interrogatory, that Starcher had not been negligent. Post-trial motions were denied, and judgment was entered on the verdict. Spearing appealed.

■ The "last clear chance" as an offset to contributory negligence is a doctrine which has never been adopted in Pennsylvania. See: *Kasanovich v. George*, 348 Pa. 199, 202, 34 A.2d 523, 525 (1943). Despite the fact that the "last clear chance" doctrine has never been adopted by the Supreme Court, this Court by dictum has suggested that the doctrine could be applied as an offset against the harshness of the rule which barred recovery if a plaintiff were guilty of contributory negligence. Thus, in *Lehman v. McCleary*, 229 Pa.Super. 508, 329 A.2d 862 (1974), where the issue was

the admissibility of evidence to prove the plaintiff's intoxication, this Court said, by way of dictum, the following:

And even if his own intoxication caused him to be in the roadway, this will not relieve the operators of the motor vehicles from striking him since under the discovered peril doctrine, which holds: that a plaintiff may recover notwithstanding his own negligence if the defendant failed to exercise due care to avoid inflicting the injury after he knew or should have known that the plaintiff was in a position of peril. *Curt v. Ziman,* 140 Pa.Super. 25, 12 A.2d 802 (1940). "A helpless human being on the highway is entitled to protection from motorists whether he be a hopeless dipsomaniac or a model of sobriety." *Brazel v. Buchanan,* 404 Pa. 188, 171 A.2d 151 (1961).

*Id.,* 229 Pa.Superior Ct. at 512, 329 A.2d at 864. See also: *Emerick v. Carson,* 325 Pa.Super. 308, 316, 472 A.2d 1133, 1137 (1984) (where appellant contended that the failure to instruct the jury on the "discovered peril" doctrine had been reversible error, it was held that there had been no error because, in any event, the doctrine had no application to the facts).

We conclude that, whatever the history of the "last clear chance" doctrine in Pennsylvania, it can no longer serve a useful purpose in view of the legislative enactment of the Comparative Negligence Law of 1978, 42 Pa.C.S. § 7102.

The "last clear chance" doctrine was adopted in other jurisdictions as a way of avoiding the harsh results of the contributory negligence rule. See: *Prosser & Keeton on Torts,* § 66, at 464 (5th ed. 1984). It was adopted in different forms and by different names and "[was] attended with much confusion." *Id.* The trend in those states which adopted the doctrine has now been to abrogate the same as being superfluous upon adoption of a system of comparative negligence. *Id.* at 468. See: *Kaatz v. State,* 540 P.2d 1037, 1047 (Alaska 1975); *Li v. Yellow Cab Co.,* 13 Cal.3d 804, 829, 532 P.2d 1226, 1240, 119 Cal.Rptr. 858, 875 (1975); *Burns v. Otatti,* 513 P.2d 469, 472 (Colo.App.1973); *Hoffman v. Jones,* 280 So.2d 431, 438 (Fla.1973); *Alvis v. Ribar,*

85 Ill.2d 1, 27, 52 Ill.Dec. 23, 35, 421 N.E.2d 886, 898 (1981); *Cushman v. Perkins,* 245 A.2d 846, 847 (Me.1968); *Davies v. Butler,* 95 Nev. 763, 775, 602 P.2d 605, 613 (1979); *Scott v. Rizzo,* 96 N.M. 682, 687, 634 P.2d 1234, 1239 (1981); *French v. Grigsby,* 571 S.W.2d 867, 867 (Tex.1978); *Cunningham v. Western Liquid Propane Gas Service, Inc.,* 39 Wash.App. 185, 187, 693 P.2d 123, 124 (1984); *Ratlief v. Yokum,* 167 W.Va. 779, 280 S.E.2d 584, 588–589 (1981); *Danculovich v. Brown,* 593 P.2d 187, 195 (Wyo.1979); V. Schwartz, *Comparative Negligence* § 7.2 (1974). The reasoning was articulated best by the Supreme Court of Maine in *Cushman v. Perkins, supra* at 848–849, as follows:

> In our opinion the appearance and survival of the last clear chance doctrine is best explained by a frequently occurring dissatisfaction in the courts with the result of the operation of the contributory negligence rule. It is apparent that this dissatisfaction has also prevailed in some legislative bodies and recent years have seen several jurisdictions adopt statutes which seek to apportion liability between the parties on the basis of their respective degrees of fault. In some of these jurisdictions it has been recognized that when the triers of the fact are evaluating the degree of a plaintiff's negligence, its continuation or cessation, its nearness or remoteness and its efficiency in causation with that of the defendant, any necessity for the use of the absolute rule of last clear chance has disappeared. We believe any justification for it has also disappeared with the adoption of a doctrine which seeks to measure both parties' negligence by the same impartial standard.

See also: *Li v. Yellow Cab Co., supra; Davies v. Butler, supra; Abalos v. Oil Development Co.,* 544 S.W.2d 627, 634 (Tex.1976) (Pope, J., concurring).

We agree with the reasoning of the Supreme Court of Maine and adopt it as our own. Therefore, to the extent that the last clear chance or discovered peril doctrine has ever been a part of the law of this Commonwealth, it no longer serves a useful purpose and must be abrogated.

The trial court did not err when it denied a requested jury instruction on the "last clear chance."

■ The "assured clear distance ahead" rule is a part of the Vehicle Code in Pennsylvania. It provides, in pertinent part, that "[n]o person shall drive a vehicle ... at a speed greater than will permit the driver to bring his [or her] vehicle to a stop within the assured clear distance ahead...." 75 Pa.C.S. § 3361.

> Under the assured clear distance ahead rule, a driver must keep his vehicle under such control that he can always stop within the distance that he can clearly see, a distance that will vary according to the visibility and the attending circumstances. *Koelle v. Philadelphia Electric Co.*, 443 Pa. 35, 277 A.2d 350 (1971); *Unangst v. Whitehouse*, 235 Pa.Superior Ct. 458, 344 A.2d 695 (1975). At night, the driver must be able to stop within the range of his headlights. *Stano v. Rearick*, 441 Pa. 72, 271 A.2d 251 (1970). Attending circumstances that the driver must take into account include those that limit his visibility, such as smoke, fog, a hill, or a curve in the road, *see, e.g., Farbacher v. Frank*, 228 Pa.Superior Ct. 35, 323 A.2d 233 (1974) (crest of hill), as well as those that affect his ability to stop, such as wet, icy, or slippery road surfaces, *see, e.g., Brown v. Schriver*, 254 Pa.Superior Ct. 468, 386 A.2d 45 (1978) (loose gravel). Exceptions that make the rule inapplicable may exist if the obstacle is so camouflaged or deceptive in appearance that a reasonably prudent driver would not realize it was there in time to stop, ... or if a sudden emergency arises, ... or if the obstacle is an oncoming vehicle and not static or essentially static.... The applicability of the assured clear distance ahead rule is generally a question of fact for the jury, especially if the facts are disputed or dependent upon the credibility of oral testimony. *McElhinny v. Iliff*, 436 Pa. 506, 260 A.2d 739 (1970).

*Fish v. Gosnell*, 316 Pa.Super. 565, 580–581, 463 A.2d 1042, 1050 (1983) (citations omitted). See: *Metro v. Long Transportation Co.*, 387 Pa. 354, 359–360, 127 A.2d 716, 719–720

(1956); *Notarianni v. Ross*, 384 Pa. 63, 64–66, 119 A.2d 792, 793 (1956); *Burkleca v. Stephens*, 370 Pa. 371, 373, 88 A.2d 57, 59 (1952); *Rich v. Petersen Truck Lines, Inc.*, 357 Pa. 318, 322–323, 53 A.2d 725, 727–728 (1947); *Weibel v. Ferguson*, 342 Pa. 113, 118, 19 A.2d 357, 360 (1941); *Garber v. Weinberg*, 324 Pa. 385, 387–388, 188 A. 187, 188 (1936); *Reifel v. Hershey Estates*, 222 Pa.Super. 212, 215, 295 A.2d 138, 139 (1972); *Dennis v. Munyan*, 139 Pa.Super. 310, 312, 11 A.2d 566, 567 (1940); *Milliken v. United Laundries*, 105 Pa.Super. 286, 288–289, 161 A. 873, 874 (1932).

If a fact finder determines that a driver has failed to operate his or her vehicle at a speed and with such control that the vehicle can be stopped within the assured clear distance ahead, that driver must be found negligent as a matter of law. See: *Rich v. Petersen Truck Lines, Inc., supra; Garber v. Weinberg, supra; Hollern v. Verhovsek*, 220 Pa.Super. 343, 287 A.2d 145 (1971); *Milliken v. United Laundries, supra; Drenning v. Williams*, 344 F.Supp. 1365 (E.D.Pa.1972), *aff'd*, 480 F.2d 1220 (3d Cir.1973). See also: *Learn v. Vivian*, 404 Pa. 339, 171 A.2d 783 (1961) (violation of statutory duty of care constitutes negligence per se); *Pa. Suggested Standard Civil Jury Instruction* 3.30; Restatement (Second) of Torts § 288B(1).

In the instant case, the trial court denied the point for charge submitted by appellant on the assured clear distance ahead rule,[1] but it did instruct the jury generally on the

---

1. The point for charge submitted by appellant was as follows:
    "To aid you, in determing [sic] the reasonableness of the care exercised by the Defendant in this case, I refer you to the law governing the conduct of drivers of motor vehicles. An Act of Assembly of this Commonwealth in effect at the time this accident occured [sic] provided in part, "No, person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring [her] vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching.... an intersection.... [and] when approaching and going around [a] curve." Members of the jury, the term "assured clear distance", requires that the Defendant operate her vehicle at such a rate of speed and in such a manner that she can always stop it within the distance that she can clearly

rule. However, the court refused to grant appellant's request for an instruction to the jury that if the defendant-appellee violated the assured clear distance ahead rule, she was to be found negligent as a matter of law.

■ " 'The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may comprehend the questions they are to decide.... If the charge is wholly inadequate or not clear, or has a tendency to mislead and confuse rather than to clarify the issues, a new trial will be granted.... The functions of a trial judge embrace not only the duty to state to the jury correct principles of law applicable to the pending case and to endeavor to make such principles understandable in plain language, but they also impose upon the judge the duty to assist the jury in applying those principles to the issues presented to them for determination.' " *McEwan v. Yellow Cab Co.*, 182 Pa.Super. 219, 224, 126 A.2d 816, 819 (1956), quoting *Archer v. Pennsylvania Railroad Co.*, 166 Pa.Super. 538, 541, 72 A.2d 609, 611 (1950) (citations omitted). In determining whether error has been committed, however, the charge must be read in its entirety. See: *Riddle Memorial Hospital v. Dohan*, 504 Pa. 571, 576, 475 A.2d 1314, 1316 (1984); *Wilkerson v. Allied Van Lines, Inc.*, 360 Pa.Super. 523, 536, 521 A.2d 25, 32 (1987). To constitute reversible error, a jury instruction must be shown not only to have been erroneous but also harmful to the party complaining. *Anderson v. Hughes*, 417 Pa. 87, 92, 208 A.2d 789, 791 (1965); *Mickey v. Ayers*, 336 Pa.Super. 512, 514–515, 485 A.2d 1199, 1201 (1984). A trial court is not required to accept the precise language of points for charge submitted

see; and by this is meant the range of the driver's vision which, in darkness, is the scope of her headlights. The driver must also consider the conditions of the roadway over which she travels. The Act I have quoted to you dictates the duty of care required of someone in the same situation as the Defendant. If you find that there was a violation of the Act, you must find the Defendant negligent as a matter of law. However, before you answer the question of Defendant's liability, you must determine whether this negligence was a substantial factor in bringing about Plaintiff's injury. R. 5a–7a.

by counsel so long as the issues are defined accurately and the applicable law is correctly reviewed. See. *Geyer v. Steinbronn,* 351 Pa.Super. 536, 554, 506 A.2d 901, 911 (1986); *Fish v. Gosnell, supra* 316 Pa.Super. at 580, 463 A.2d at 1050.

In the instant case, the trial court instructed the jury generally on the assured clear distance ahead rule but refused to instruct that a violation of the rule was negligence. Consequently, the jury was never told that Starcher was to be found negligent as a matter of law if she failed to operate her vehicle at such a speed and having it under such control that she could bring it to a stop within the range of her headlights. The effect of this deficiency in the trial court's instructions became evident when, during deliberations, the jury returned to the courtroom to inquire whether, "[j]ust because a person hit another car, would that make him or her negligent under the law?" Appellant requested the court to instruct the jury further on the assured clear distance ahead rule. The court refused appellant's request and gave additional instructions as follows:

No, just because a person hit another car does not make him or her negligent under the law. The term negligence otherwise known as carelessness is the absence of ordinary care that a reasonably prudent person would exercise in the circumstances here presented. Negligent conduct may consist either of an act or an omission to act when there is a duty to do so. In other words, negligence is the failure to do something which a reasonably careful person would do or the doing of something that a reasonably careful person would not do in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act in those circumstances.

The jury's question should have suggested to the trial court that the jury needed to know the law applicable to the situation in which a motorist, at night, collided with a vehicle which had been disabled and was standing motion-

less on the highway. The trial court's response did not help the jury to understand the issue to be decided or the assured clear distance rule which was applicable thereto. Instead, the court repeated general negligence principles which had little or no value in clarifying the jury's expressed confusion and which suggested, without reference to the assured clear distance rule, that it was for the jury to determine how a reasonably careful driver should have acted under the circumstances. The court's response was inadequate and misleading. Cf. *Smith v. Chardak*, 291 Pa.Super. 173, 435 A.2d 624 (1981); *Reilly v. Poach*, 227 Pa.Super. 522, 323 A.2d 50 (1974).

The trial court's refusal to instruct the jury fully on the assured clear distance rule, coupled with its inadequate and misleading response to the jury's request for further instructions, may well have contributed to the finding of the jury that the defendant, who ran into a motionless vehicle on the roadway in front of her at night, was not in any way negligent. Therefore, the deficiency in the trial court's instructions was not harmless and requires that a new trial be granted.

Reversed and remanded for a new trial. Jurisdiction is not retained.