## Price v. Stewart

*James L. Reich,* for plaintiff.
*Paul G. Lees,* for defendant.

WALLITSCH, *J.,* January 11, 1996—Defendant Raymond F. Riggs has filed preliminary objections in the

nature of a demurrer to plaintiff's complaint, asserting that plaintiff has failed to state a claim for which relief may be granted. The complaint includes a claim for damages against Riggs, a realtor, for the unauthorized practice of law. Riggs contends that Pennsylvania does not recognize a civil cause of action for damages for the unauthorized practice of law and asks that the court dismiss this claim against him.

Plaintiff alleges that on June 19, 1991, she conveyed two pieces of property located in the City of Allentown to her daughter, defendant Gail Stewart, in return for her daughter's promise to allow her to live in the residence she had owned for 60 years and care for her for the remainder of her life. Riggs prepared two deeds which conveyed the property from Price to Stewart for the stated consideration of $1. Neither deed contained a provision for a life estate for Mrs. Price.

In the spring of 1995, Mrs. Price was injured in a fall while in the residence and was admitted to hospital for treatment. During Mrs. Price's hospital stay, Stewart informed her mother that she would not be permitted to return to the residence, but would instead be placed in a nursing home. Mrs. Price filed the instant lawsuit, seeking rescission of the deed transfers and seeking damages against Riggs.

A preliminary objection in the nature of a demurrer challenges the legal sufficiency of the complaint. Pa.R.C.P. 1028(a)(4). The court must examine the pleadings to determine if the facts alleged set forth a cause of action for which relief can be granted under any theory of law. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). A preliminary objection in the nature of a demurrer is deemed to admit all well-pleaded facts and all inferences reasonably deduced therefrom.

*Giffen v. Chronister,* 151 Pa. Commw. 286, 616 A.2d 1070 (1992).

Pennsylvania provides criminal sanctions for the unauthorized practice of law. The criminal statute provides that:

"Any person who within this Commonwealth shall practice law, or who shall hold himself out to the public as being entitled to practice law, or use or advertise the title of lawyer, attorney at law, attorney and counselor at law, counselor, or the equivalent in any language, in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law or a corporation complying with 15 Pa.C.S. ch. 29 . . . commits a misdemeanor of the third degree." 42 Pa.C.S. §2524.

The purpose of the statute is to assure adequate protection of the public from the practice of law by untrained persons. *Shortz v. Farrell,* 327 Pa. 81, 193 A. 20 (1937). Whether a person has engaged in the unauthorized practice of law focuses on whether the activity in question involves the exercise of legal judgment. *In re Stone,* 166 B.R. 269 (Bankr. W.D. Pa. 1994). A court in equity may issue an injunction where it is determined that a person has engaged in the unauthorized practice of law. *Matter of Arthur,* 15 B.R. 541 (Bankr. E.D. Pa. 1981).

Defendant Riggs contends that, while it is clear that the unauthorized practice of law is a criminal offense and that the unauthorized practice of law may be enjoined by a court in equity, there is no tort in Pennsylvania for the "unauthorized practice of law." Riggs further contends that, assuming arguendo such a tort exists, his preparation of the deeds for transfer of the property does not amount to the unauthorized practice

of law as this preparation was part of his job as a realtor.

At this stage of the proceedings, we must examine the complaint to determine whether plaintiff has set forth sufficient facts to support a cause of action under any theory of law. Essentially, plaintiff has set forth a claim of negligence against Riggs for the breach of a duty to plaintiff to refrain from the unauthorized practice of law and that she was harmed as a result of Riggs' breach of that duty.

Generally, the existence of a criminal penalty does not bar a civil action for damages. The legislature has provided that "[t]he provision in any statute for a penalty or forfeiture for its violation shall not be construed to deprive an injured person of the right to recover from the offender damages sustained by reason of the violation of the statute." 1 Pa.C.S. §1929. Plaintiff contends that, although no Pennsylvania cases have addressed this issue, other states have allowed plaintiffs to maintain a civil action in tort alleging the unauthorized practice of law. See *e.g., Latson v. Eaton,* 341 P.2d 247 (Okl. Sup.Ct. 1959) (unlicensed person liable for damages sustained by plaintiffs for the unlawful preparation of documents transferring property); *Baikanja v. Irving,* 49 Cal. 2d 647, 320 P.2d 16 (1958) (unlicensed person liable for damages for drawing of will, entitling beneficiary to receive damages for amount she would have received had the will been valid); see also, *Remedies Available to Combat the Unauthorized Practice of Law,* 62 Columbia L. Rev. 510, 519 (1962). Compare *Cuhna v. Ward Foods Inc.,* 501 F. Supp. 830 (D. Hawaii 1980) (plaintiffs in civil action had no standing to bring action for unauthorized practice of law because Hawaii statute authorizes only the attorney general or state bar association to bring action for violation of statute). A

criminal statute may establish the standard of conduct of a reasonable man to be applied to a civil action. The Restatement (Second) of Torts §286 provides as follows:

"Section 286 When standard of conduct defined by legislation or regulation will be adopted

"The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

"(a) to protect a class of persons which includes the one whose interest is invaded, and

"(b) to protect the particular interest which is invaded, and

"(c) to protect that interest against the kind of harm which has resulted, and

"(d) to protect that interest against the particular hazard from which the harm results."

The purpose of the statute prohibiting the unauthorized practice of law is to protect the public from relying on untrained or unskilled persons for legal representation. See *Shortz v. Farrell, supra* at 91, 193 A. at 24. Mrs. Price, as the grantor of real estate, has an interest in assuring that this document was properly prepared. The statute is designed to protect persons such as Mrs. Price who rely upon others for the preparation of legal documents which will affect their legal rights. Therefore, it appears that this criminal statute should define the standard of conduct to be applied in a civil action against one who practices law without proper authority. If Riggs "practiced law," even though he is not a licensed attorney, his actions would constitute negligence per se. See *e.g., Spearing v. Starcher,* 367 Pa. Super. 22, 532 A.2d 36 (1987).

Riggs next argues that, assuming plaintiff may maintain a civil action for unauthorized practice of law, the drafting of deeds by a real estate broker does not constitute the practice of law. Plaintiff agrees that the preparation of deeds by a real estate broker would not constitute the unauthorized practice of law if the preparation is incidental to a business transaction which is pending. See *e.g., Northampton County Bar Association v. Young,* 1 Monroe Leg. Rep. 94, 26 North 363 (1939). However, in this case, plaintiff alleges that no real estate transaction was pending when defendant Stewart contacted Riggs and asked him to prepare the deeds for transfer of the property for the consideration of $1. Thus, plaintiff alleges that the injury suffered by plaintiff was in part the result of Riggs' preparation of deeds of transfer which were not incidental to any pending business transaction.

There is some support for plaintiff's contentions in Pennsylvania cases which interpret the statute prohibiting the unauthorized practice of law. In *Childs v. Smeltzer,* 315 Pa. 9, 171 A. 883 (1934), the Supreme Court noted in dicta that:

"There can be no objection to the preparation of deeds and mortgages or other contracts by such brokers so long as the papers involved pertain to and grow out of their business transactions and are intimately connected therewith. The drafting and execution of legal instruments is a necessary concomitant of many businesses and cannot be considered unlawful. Such practice only falls within the prohibition of the act when the documents are drawn in relation to matters in no manner connected with the immediate business of the person preparing them, and when the person so drafting them is not a member of the bar and holds himself out as

specially qualified and competent to do that type of work. A real estate broker is not prohibited from drawing a deed of conveyance or other appropriate instrument relating to property of which he or his associates have negotiated a sale or lease." *Id.* at 14-15, 171 A. at 885-86.

Whether this transaction "grew out of" a business transaction is not appropriately addressed at this stage in the proceedings. Moreover, the issue of whether Riggs owed a duty to plaintiff was not addressed. Therefore, we are constrained to overrule the preliminary objections of defendant Riggs.

### ORDER

And now, January 11, 1996, upon consideration of the defendant Raymond F. Riggs' preliminary objections, the response thereto, the written briefs and the argument of counsel, and for the reasons expressed in the accompanying opinion, it is hereby ordered that the preliminary objections of defendant Riggs are overruled.