## Learn *v.* Vivian, Appellant.

Argued April 27, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Raymond J. DeRaymond,* with him *Coffin, Grifo & DeRaymond,* for appellant.

*Norman Seidel,* with him *Charles D. Hogan,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 27, 1961:

The plaintiff William L. Learn was injured at the corner of Fourth and Bushkill Streets in the city of Easton when he came into contact with an automobile owned and being operated by the defendant Harry M. Vivian. In his trespass action against the defendant, the jury returned a verdict for the defendant. The court ordered a new trial and the defendant appealed.

The plaintiff testified that, intending to cross from the south to the north side of Bushkill Street, he stepped down into Bushkill Street and while he still had one foot on the curb and one on Bushkill Street, the defendant's automobile suddenly made a left turn and struck him.

The defendant denied that the accident happened in this manner. He said that the plaintiff was not crossing Bushkill Street, but Fourth Street, moving from the east to the west side of that thoroughfare. The defendant's version of the accident is that he had completely negotiated his left turn at the intersection and was heading into Fourth Street when the plaintiff appeared before him two or three steps away from the curb.

At the trial, plaintiff's counsel requested the trial judge to charge as follows: "If the jury determines that this Defendant, while turning left at the intersection of Fourth and Bushkill Streets, failed to pass to the left of the center of the intersection keeping as close as practicable to the center of the intersection and that failure had a direct causal relationship to the Plaintiff's injuries, then the jury must conclude that the Defendant was here guilty of negligence as alleged. Sec. 1011(b) of The Vehicle Code of 1929, as amended, P. L. 976, 75 PS 546(b)."

The trial judge refused this point, and the appellee maintained that this refusal constituted reversible error.

Since automobiles may change their course of direction by the slightest turn of the steering wheel, it is vitally important that some standard of conduct be established for motorists intending to turn at intersections. Otherwise pedestrians may be hurt not out of intrinsically culpable negligence on the part of the driver but simply because the driver has not been instructed as to the manner in which he should operate at points where he may come into contact with human

traffic. The Legislature in its wisdom has declared, so that motorists do not have to guess as to what is the safest way in which to make turns at intersections, that motorists intending to turn left at intersections, must, before reaching the intersection, be moving in a lane as close as possible to the center line. Because of the promulgation of this law, the pedestrian has the right to assume that if he sees a car at the extreme right of the street on which he is traveling, the driver has no intention of turning left into the intersection street.

For a motorist not to follow that rule may of itself become actionable negligence.

Although Bushkill Street runs into Fourth Street, it does not continue beyond the point of entry, so that the resulting junction creates what is generally referred to as a "T" intersection. The trial judge was of the impression at the trial that intersections of this character are excluded from the section of The Vehicle Code above cited. He has since revised his view in that respect. He now says: "A review of the law since the trial has convinced us that the provisions of The Vehicle Code relative to left-hand turns at intersections apply to all intersections. The error was in ignoring the comprehensive mandates of The Vehicle Code which do not except 'T' intersections or 'one-way' streets. Exceptions from the operation of The Vehicle Code must be expressed or they do not exist."

The lower court was correct in its later view of the applicable law and the plaintiff was entitled to an affirmance of the point requested, or one expressing a similar proposition. A violation of The Vehicle Code may of itself become the proximate cause of the accident in controversy. In *McEwan v. Yellow Cab Co.*, 182 Pa. Superior Ct. 219, 227, Judge Ervin said: "The sections of The Vehicle Code on which appellant specifically requested the court to charge were relevant as

to the duties and responsibilities of both drivers under the circumstances surrounding the accident here involved and refusal to so charge was error. The failure of either driver to comply with the requirements of these pertinent provisions of The Vehicle Code may well have been considered by the jury as the proximate cause of the accident. As stated by Mr. Justice ARNOLD in Pascarella v. Kelley, 378 Pa. 18, 23, 105 A. 2d 70: '. . . the court's charge did not differentiate between the theories of liability nor the acts for which each defendant could be held responsible.' In any event 'The obligations which the law imposes upon the operators of motor vehicles at intersections should have been interpreted with respect to the conflicting versions of the occurrence as they appeared in the testimony.' "

Order granting a new trial affirmed.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

The charge of the trial Judge adequately covered the issue of negligence, the evidence was conflicting and the jury under a fair charge found for the Defendant. I find no reversible error.