457 A.2d 552

**John R. BUMBARGER,**

v.

**Fred G. KAMINSKY and Calvin T. Oaks, Jr., Appellants.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1981.

Filed March 11, 1983.

178

Clyde O. Black, II, Hollidaysburg, for appellants.

R. Martin Reiley, Bedford, for appellee.

Before HESTER, McEWEN and CIRILLO, JJ.

McEWEN, Judge:

We here consider an appeal from an order of the Court of Common Pleas of Bedford County which granted the motion of plaintiff for a new trial after the jury returned a verdict

for the defendants. We reverse that order and remand so that the Common Pleas Court may reinstate the jury verdict in favor of the defendants.

Plaintiff-appellee Bumbarger filed a complaint in trespass to recover for personal injuries allegedly sustained as the result of a collision between a pick-up truck driven by the plaintiff and a truck driven by defendant-appellant Kaminsky at the intersection of State Highway 31 and Center Street in Manns Choice Borough. On the morning of the accident, the appellant-driver was making deliveries of poultry products for his employer, defendant-appellant Oaks. One of the delivery stops was a bar located at the top of Center Street, a steep ice-covered hill. After the delivery, as appellant proceeded down Center Street, his truck began to slide on the ice. Appellee was traveling on Route 31 at an approximate speed of 30 to 40 m.p.h. in the lane closest to the Center Street hill. As appellee approached the intersection, he saw that the wheels on the truck driven by appellant were locked and that the appellant would not be able to stop at the stop sign. As a result, appellee attempted to slow down by pumping his brakes and also directed his truck to the left lane of the two lane highway so as to avoid the truck driven by appellant which was approaching appellee on the right side.

When appellant attempted to halt his vehicle in compliance with the approaching stop sign, he realized that he was unable to do so because of the ice, and as a result, he abandoned that effort and accelerated his vehicle in an attempt to get across Route 31 and completely pass through the path of appellant. Despite the attempts by the two drivers to avoid contact, the vehicles collided.

Following the conclusion of the trial, the jury returned the following verdict:

AND NOW, May 16, 1979, we, the Jurors empaneled in the above entitled case, find for the defense. We have ruled the accident unavoidable, by a vote of 10–2 due to condition of the roadways.

Appellee filed a motion for new trial in which a number of issues were raised. The trial judge granted the motion on the grounds that the verdict was contrary to the law, the evidence and the charge of the court. Our review of the record reveals that the distinguished trial judge, Judge Ellis W. VanHorn, Jr., exercised painstaking care to provide for a full and fair trial. We are compelled, however, to the following conclusions: that the jury verdict was not contrary to the law or the evidence and it was error for the court to determine that the verdict was against the charge and proceed to grant a new trial.[1]

The following principles of law guide this court in our review of the grant of the motion for new trial:

> An order granting or refusing to grant a new trial is within the discretion of the lower court. However, the discretion is not absolute, *Decker v. Kulesza*, 369 Pa. 259, 85 A.2d 413 (1952); *Albert v. Alter*, 252 Pa.Super. 203, 381 A.2d 459 (1977), and if the order is based on an error of law or represents an abuse of discretion, we will reverse. *Handfinger v. Philadelphia Gas Works*, 439 Pa. 130, 266 A.2d 769 (1970); *Weaver v. Firestone Tire & Rubber Co.*, 267 Pa.Super. 548, 407 A.2d 45 (1979); *Sindler v. Goldman*, 256 Pa.Super. 417, 389 A.2d 1192 (1978). In reviewing the order, we examine all of the evidence presented at trial. *Hayter v. Sileo*, 230 Pa.Super. 329, 326 A.2d 462 (1974).

*Carnicelli v. Bartram*, 289 Pa.Super. 424, 427–28, 433 A.2d 878, 879–80 (1981).

Appellant acknowledged in his trial testimony that he had failed to halt his vehicle at the stop sign at the intersection of Route 31 and Center Street—although, as we have earlier indicated, his failure to stop was due to the icy highway condition. The trial court granted a new trial by reason of its conclusion that the failure of appellant to halt at the stop sign should not be excused under any circumstances and

---

1. The jury had not been instructed on the theory of unavoidable accident. The trial judge thereby concluded that the verdict was against the charge of the court.

that, therefore, the jury erred when it decided the accident was unavoidable. The trial court, in effect, concluded that appellant was strictly liable for failing to stop at the sign at the bottom of the hill.

■ There is, of course, some considerable distinction between those statutes which impose strict liability and those statutes of which a violation is negligence per se. The law of this Commonwealth is clear that the failure to obey a stop sign is negligence per se, *Schultheis v. Levine*, 372 Pa. 513, 94 A.2d 740 (1953); *Kropko v. Galida*, 155 Pa.Super. 446, 38 A.2d 491 (1944); therefore, the failure by a driver to obey a stop sign does not impose strict liability upon that driver. The distinction is well illustrated in the following expression from *W.E. Prosser, Torts*, § 36 at 197 (4th Ed.1971):

It is entirely possible that a statute may impose an absolute duty, for whose violation there is no recognized excuse.... In such a case the defendant may become liable on the mere basis of his violation of the statute. No excuse is recognized, and neither reasonable ignorance nor all proper care will avoid liability. Such a statute falls properly under the head of strict liability, rather than any basis of negligence—although the courts not infrequently continue, out of habit, to speak of the violation as "negligence per se."

■ Having noted the distinction between strict liability and negligence per se, a further refinement is to be noted, namely, a failure to halt at a stop sign only becomes negligence per se when the failure to halt is unexcused. Dean Prosser addresses this distinction between a valid excuse and negligence per se in very apt fashion:

Once the statute is determined to be applicable—which is to say, once it is interpreted as designed to protect the class of persons in which the plaintiff is included, against the risk of the type of harm which has in fact occurred as a result of its violation—the great majority of the courts hold that an unexcused violation is conclusive on the issue of negligence, and that the court must so direct the jury.

The standard of conduct is taken over by the court from that fixed by the legislature, and "jurors have no dispensing power by which to relax it," *except in so far as the court may recognize the possibility of a valid excuse for disobedience of the law.*

Prosser, *supra*, § 36 at 200 (footnotes omitted and emphasis supplied).

The following theorems emerge from this analysis:

A distinction must be drawn between responsibility by reason of strict liability and responsibility by reason of negligence per se.

An unexcused violation of the statute is conclusive on the issue of negligence, provided, of course, that the violation is the proximate and efficient cause of the injury.

The jury is to provide the factual determination of whether the exercised claim is a valid excuse.

We have earlier discussed our conclusion that principles of strict liability are not applicable to the situation we here review, but rather, that the inquiry at this trial was the determination of whether the conduct of appellant was excused behavior or an unexcused violation of the motor vehicle code that composes negligence per se.

A review of the record reveals that the highways upon which the parties were traveling were both icy and hazardous as a result of the freezing rain prior to and at the time of. the accident. Appellant testified that as a result of the icy condition of the roadway he was unable to bring his vehicle to a halt and appellee himself testified that while the vehicle of appellant was moving, the wheels were not turning. The issue we must decide is whether the jury could properly find that the failure of appellant to stop was excused.

The Restatement (Second) of Torts, § 288A (1965) sets forth a list of specific instances where violation of a statute will be excused.[2] That section provides as follows:

**2.** Comment a to § 288A states that this list is not an exclusive list of situations where a violation may be excused.

Section 288A.   Excused Violations

(1) An excused violation of a legislative enactment or an administrative regulation is not negligence.

(2) Unless the enactment or regulation is construed not to permit such excuse, its violation is excused when

(a) the violation is reasonable because of the actor's incapacity;

(b) he neither knows nor should know of the occasion for compliance;

(c) he is unable after reasonable diligence or care to comply;

(d) he is confronted by an emergency not due to his own misconduct;

(e) compliance would involve a greater risk of harm to the actor or to others.

■ We hold that the jury could properly find that there was a valid excuse for the failure of appellant to halt for the stop sign since he was unable, despite reasonable diligence and care, to comply with that sign. There was evidence to support the finding of the jury that the accident was unavoidable since there was testimony at trial that, by reason of treacherous road conditions, appellant was unable to comply with the stop sign.

Constitutional scholars have proclaimed that the right of a citizen to a trial by jury is the single, most indispensable device of the system of justice in a free society. The observation has been made that the jury system permits the Goddess of Justice a glimpse from beneath her blindfold. Certainly it is beyond dispute that a trial by jury is the purest method of resolving a factual dispute. It is most reassuring to witness how generally well juries carry out their appointed task. The duty of the jury in the instant case was to determine if the occurrence was the fault of appellant and/or the fault of appellee, or if it was an accident for which fault and responsibility should not be placed on either driver. And for whatever part such notions as negligence, contributory negligence, negligence per se, unavoidable accident and strict liability, as well as the

distinctions among them, might have played in the deliberations and decision of the jury, our review of the record indicates that the issue was a classic question for a jury decision and that the jury performed its duty well.

We, therefore, conclude that it was error for the Common Pleas Court to grant a new trial. Accordingly, we reverse the order granting appellee a new trial and remand so that the Common Pleas Court may reinstate the verdict of the jury. Jurisdiction is relinquished.