**Catherine THOMPSON, Appellant,**

v.

**Scott C. AUSTIN; Werner Enterprises, Inc., Appellees.**

**No. 06–4236.**

United States Court of Appeals, Third Circuit.

Argued Jan. 14, 2008.

Filed April 3, 2008.

---

Marion Munley, [Argued], Munley, Munley & Cartwright, Scranton, PA, for Appellant Catherine Thompson.

Gary N. Stewart, [Argued], Rawle & Henderson, Harrisburg, PA, for Appellees Scott C. Austin; Werner Enterprises, Inc.

Before: FUENTES and JORDAN, Circuit Judges, and RUFE *, District Judge.

OPINION OF THE COURT

RUFE, District Judge.

Appellant Catherine Thompson ("Thompson") appeals from a judgment in favor of Defendant–Appellees, Werner Enterprises, Inc. ("Werner") and Scott Austin ("Austin"), in this negligence-based personal injury action, after a trial in the United States District Court for the Middle District of Pennsylvania. Thompson asserts that: 1) the jury was improperly charged with an instruction on negligence rather than negligence *per se;* 2) the verdict was against the weight of the evidence; 3) certain evidentiary rulings were erroneous; and 4) the District Court's limitation of voir dire was erroneous. We conclude that the District Court should have charged the jury with instructions regarding negligence *per se,* and we will therefore vacate and remand.

I.

As we write for the parties, our recitation of the facts will be brief. We review "the facts in the light most favorable to the verdict" winners, the defendants. *U.S. v. Jimenez,* 513 F.3d 62, 69 (3d Cir.2008); *accord Fineman v. Armstrong,* 980 F.2d 171, 177 (3d Cir.1992); *Yohannon v. Keene Corp.,* 924 F.2d 1255, 1257 (3d Cir.1991). On April 8, 2004, at around 11:00 p.m., Thompson and Austin, an employee of Werner, were involved in an automobile accident on Interstate 81 in Scranton, Pennsylvania. Austin, who was a driver in training, was driving a tractor-trailer for Werner and was proceeding southbound in the right lane of the two-lane highway. Thompson merged onto the interstate from an entrance ramp; simultaneously, Austin and another tractor trailer behind him, driven by Martin Turcotte, moved to the left lane to give Thompson room to enter the highway. After traveling in the left lane for roughly two to three minutes, Austin checked his mirrors, and used his right turn signal, as he intended to return to the right lane.

According to Thompson, as Austin attempted to move into the right lane, he struck the back left of Thompson's vehicle, causing her to lose control, spin out, and cross in front of Austin's truck. Turcotte testified that he observed Thompson's car "shoot" across Austin's lane of travel, though he admitted he never witnessed the actual collision. (App.77–78.) Thompson's expert, Kerry Nelson, a heavy vehicle specialist and commercial vehicle accident consultant, testified that the accident was caused by Austin moving from the left lane to the right lane, and that Austin should have been able to see Thompson's car through the truck's side mirrors. In addition, Pennsylvania State Police Trooper Darren Nicholas inspected the accident scene and the vehicles after the crash, finding damage to the front passenger side of the truck, as well as to the rear driver's side of Thompson's car. Thompson sustained numerous injuries.

At trial, Austin denied that he changed lanes, but claimed he was preparing to do so when he heard a "little crunching" noise and saw Thompson's car in front of him. (App.296.) Donald Davis, Austin's driving

* Honorable Cynthia M. Rufe, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

trainer who had been asleep in the berth of the cab, testified that Austin woke him from his sleep after the accident, stating that "he hit someone." (App.142.) After the accident investigation, Austin was cited by Trooper Nicholas pursuant to 75 Pa. C.S.A. § 3309, "[dr]iving on roadways laned for traffic,"[1] for making an unsafe lane change, a violation to which Austin pleaded guilty, even though he believed that he acted diligently and cautiously. Austin testified, "when I looked back, her headlights were gone, so I started checking all my other mirrors to find it, and I could not locate her ... as I was looking back over into my right mirrors, suddenly, her car showed up in front of me." (App. 295–96.)

Thompson asked the trial court to give the jury a negligence *per se* charge. Over Thompson's objection, the trial court gave the following instruction to the jury:

> Ordinarily, an unexplained violation of the act would constitute negligence as a matter of law. However, in this case, the Defendant has presented evidence to excuse or justify his violation ... therefore, if you find that there was a violation of this act, it would only be evidence of negligence, which you should consider, along with all of the other evidence presented on the question of whether or not the Defendants were negligent.[2]

(App.334–35.) In effect, the District Court denied Thompson's request for a negligence *per se* instruction. The jury found in favor of Austin on June 14, 2006. Thompson thereafter filed a motion for a new trial, which was denied on September 22, 2006. The current appeal was timely filed on September 27, 2006.[3]

## II.

■ Thompson argues that the District Court erred by refusing to give a negligence *per se* instruction. District courts generally have broad discretion in charging a jury. *E.g., Bennis v. Gable,* 823 F.2d 723, 727 (3d Cir.1987). However, where resolution of a jury instruction issue turns on "statutory construction involving the interpretation and application of legal precepts," this Court's review is plenary. *United States v. McGill,* 964 F.2d 222, 235 (3d Cir.1992). The appropriate standard of review is determined by the nature of the objection made to the jury instruction. *United States v. Zehrbach,* 47 F.3d 1252, 1260 (3d Cir.1995). Here, Thompson raised a legal objection to the jury instructions on negligence: that the District Court directed the jury to apply the incorrect legal standard. We therefore exercise plenary review. *See Zehrbach,* 47 F.3d at 1260–61.

1. 75 Pa.C.S.A. § 3309 provides: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply: (1) Driving within a single lane—A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety."

2. This instruction was modeled on Pennsylvania Suggested Standard Civil Jury Instructions § 3.09 ("This state law dictates the duty of care normally required of a person in the same situation as the [defendant] [plaintiff].

Ordinarily, the unexplained violation of this state law would constitute negligence as a matter of law. However, in this case the [defendant] [plaintiff] has presented evidence in excuse or justification of the alleged violation. Under such circumstances, the person offering such excuse has the burden of proof. Therefore, if you find that there was a violation of this state law, it would only be evidence of negligence that you should consider along with all the other evidence presented on the question of whether the [defendant] [plaintiff] was negligent.")

3. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

Pennsylvania law supports a charge of negligence *per se* when there has been an alleged violation of the motor vehicle code.[4] *Jenkins v. Wolf,* 911 A.2d 568, 571 (Pa.Super.2006). In *Jenkins,* the plaintiff-pedestrian was struck by defendant's vehicle. Although the parties presented conflicting evidence as to whether the plaintiff was actually in a crosswalk when struck by the defendant truck's side view mirror, the Pennsylvania Superior Court held that plaintiff's testimony that she was in the crosswalk at the time she was struck was sufficient to warrant a negligence *per se* jury instruction. *Id.* The Court reasoned that the jury could have found that the plaintiff was in the crosswalk, and if so, defendant would be in violation of the motor vehicle code, and therefore negligent *per se. Id.* at 572. Without such a charge, "the jury was left with the impression that each party . . . had the same obligation to look for the other." *Id.* at 571.

A violation that is excused or justified does not constitute negligence *per se.* Excused violations are those that provide legal justification for an act, or those that cannot be prevented, such as weather conditions or an authorization to act. *Cf.*

*Bumbarger v. Kaminsky,* 311 Pa.Super. 177, 457 A.2d 552, 555 (1983) (holding that an icy roadway was an excuse for violation of a motor vehicle statute requiring that vehicles stop at stop signs).[5]

Thompson argues that the jury instructions were improper because the defendants did not present any evidence of excuse or justification. The defendants respond that the District Court properly instructed the jury on the excuse exception to negligence *per se* because Austin provided "an excuse to why he pled guilty." (Appellees' Brief at 23). At trial, however, Austin did not provide evidence of an excuse for violating the statute. Instead, Austin presented evidence that he did not violate the statute at all: he testified that he never changed lanes.

■ We hold that it was error for the District Court to conclude that Austin presented evidence of legal excuse, and error that the District Court failed to give the jury the requested negligence *per se* instruction. While the jury was free to find that Austin did not violate the motor vehicle code,[6] it was required to find he was

---

**4.** Pennsylvania Suggested Standard Civil Jury Instruction § 3.07 ("This state law dictates the duty of care required of someone in the same situation as the [defendant] [plaintiff]. If you find that there was a violation of this state law, you must find the [defendant] [plaintiff] negligent as a matter of law. However, before you answer the question of the [defendant's liability] [plaintiff's right to recover], you must determine whether this negligence was a factual cause of the plaintiff's injury").

**5.** The Restatement (Second) of Torts provides several examples of excused violations: (1) An excused violation of a legislative enactment or an administrative regulation is not negligence. (2) Unless the enactment or regulation is construed not to permit such excuse, its violation is excused when: (a) the violation is reasonable because of the actor's incapaci-

ty; (b) he neither knows nor should know of the occasion for compliance; (c) he is unable after reasonable diligence or care to comply; (d) he is confronted by an emergency not due to his own misconduct; (e) compliance would involve a greater risk of harm to the actor or to others. Restatement (Second) of Torts § 288A (1965). While this is not an exhaustive list of acts that constitute excuse or justification, the Pennsylvania Courts have been guided by this section of the Restatement. *See, e.g., Bumbarger,* 457 A.2d at 555.

**6.** Thompson is incorrect insofar as she suggests that, because Austin had previously pled guilty to violating 75 Pa.C.S.A. § 3309, the jury in this case was required to find that Austin violated the statute. Pennsylvania courts do not give preclusive effect in a civil case to a defendant's prior conviction of a traffic violation:

negligent *per se* if it found that he did violate the code. Having determined that the jury instructions given by the District Court were erroneous, and that Thompson was prejudiced by this error, we must vacate the District Court's judgment, and remand for a new trial consistent with this opinion.

### III.

Thompson also argues that several of the District Court's evidentiary rulings were erroneous. We consider those arguments because they may arise again on remand. We review evidentiary rulings under the abuse-of-discretion standard. *Moyer v. United Dominion Indus., Inc.,* 473 F.3d 532, 542 (3d Cir.2007).

■ First, Thompson argues that the District Court erred by excluding a photograph of the location of the accident. We disagree. The record makes clear that the District Court excluded the picture because it was taken in the daytime, while the accident occurred at night. Moreover, the record indicates that the Court offered to admit the picture with a corresponding limiting instruction but, apparently, Thompson declined that offer.

■ Next, Thompson argues that the Court erred by excluding a portion of the deposition testimony of Turcotte, who was driving a tractor trailer behind Austin at the time of the accident. The Court excluded the following testimony, which related to a conversation between Turcotte and Austin after the accident:

> Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's "trial technique." In such cases, it is not obvious that the defendant has taken advantage of his day in court, and it would be unreasonable and unrealistic to say he waived that right as to a matter (civil liability), which was proba-

Q: Did you suggest to [Austin] what you thought might have happened?

. . . .

A: I thought he maybe he might have hit the back of her vehicle.

Q: Okay. Did he- did he respond to that?

A: He thought we ought to let the State Police investigate it.

(App.36, 70–71.)

The District Court did not abuse its discretion by excluding that portion of Turcotte's deposition. Lay testimony can be in the form of an opinion or inference only when the opinion or inference is rationally based on the witness's perception and helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. Fed.R.Evid. 701. The excluded testimony includes Turcotte's opinion as to how the collision might have happened; however, Turcotte testified that he did not see the collision occur and that he had no idea "who hit who." (App.44.)

■ Finally, Thompson argues that the District Court erred by admitting evidence that Thompson was on her way home from a double shift at work when the accident occurred. However, as the District Court recognized, the physical state of a driver involved in a traffic accident is relevant evidence. Thompson has provided no persuasive reason as to why the admission of that relevant evidence was unfairly prejudicial to her.

> bly not within contemplation at the time of the conviction.
> *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624, 627 (1965). The fact of Austin's guilty plea was admitted into evidence in this case, but that evidence did not and does not conclusively establish that Austin, in fact, violated 75 Pa.C.S.A. § 3309.

## IV.

For the reasons set forth above, we will vacate the District Court's judgment and remand for a new trial.[7]

---

**7.** In light of our decision to remand for a new trial, we need not consider Thompson's argument that the jury verdict was against the weight of the evidence, nor the arguments regarding voir dire.