[J-19A-2019 and J-19B-2019] [MO: Mundy, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | | |
|---|---|---|
| JOAN P. GROVE, | : | No. 31 WAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered January |
| | : | 12, 2018 at No. 132 CD 2017, |
| v. | : | reversing the Order of the Allegheny |
| | : | County Court of Common Pleas |
| | : | entered January 31, 2017 at No. GD |
| PORT AUTHORITY OF ALLEGHENY | : | 14-016095 |
| COUNTY, | : | |
| | : | ARGUED: April 9, 2019 |
| Appellee | : | |
| | | |
| JOAN P. GROVE, | : | No. 32 WAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered January |
| | : | 12, 2018 at No. 195 CD 2017, |
| v. | : | reversing the Order of the Allegheny |
| | : | County Court of Common Pleas |
| | : | entered January 31, 2017 at No. GD |
| PORT AUTHORITY OF ALLEGHENY | : | 14-016095 |
| COUNTY, | : | |
| | : | ARGUED: April 9, 2019 |
| Appellee | : | |

## CONCURRING OPINION

**JUSTICE DONOHUE**                                        **DECIDED: OCTOBER 31, 2019**

I join in the Majority Opinion. I write separately to explain my view of the trial court

error in this case and to emphasize that the number of ways a party's conduct can be

described as negligent has no bearing on the jury's determination of comparative

negligence.

We granted review in this case to consider the question of whether the failure to give a negligence per se jury instruction was an error that "was somehow relevant to the apportionment of factual cause." *Grove v. Port Auth. of Allegheny Cty.*, 193 A.3d 343 (Pa. 2018). In my view, this review encompasses two distinct questions: first, whether the trial court erred in failing to give the four requested negligence per se instructions, and second, if there was error, whether a new trial is required. *Reilly by Reilly v. SEPTA*, 489 A.2d 1291, 1305 (Pa. 1985) (in reviewing a jury charge for error, "we look to whether or not an error was committed and whether that error was prejudicial to the complaining party"). Both the Majority and the Chief Justice in dissent read our grant of allocatur to presume that the trial court erred in failing to give all four of the requested negligence per se instructions and proceed on that basis. As a result, the Majority and the Chief Justice answer only the second question, focusing exclusively on whether said (alleged) multiple errors prejudiced the Port Authority in the jury's comparative negligence analysis.

While I do not disagree that our grant of allowance of appeal can be fairly read to assume trial court error, in my view the Commonwealth Court's lack of analysis in its conclusion that the negligence per se charges were required[1] creates confusion in this area of the law. Moreover I fear that the bench and bar may conclude that by not addressing the Commonwealth Court's conclusion regarding the trial court's error, we are

---

[1] The Commonwealth Court did not, as I do hereinbelow, review the statutory provisions that the Port Authority claimed were relevant to the facts in this case. Instead, the court concluded that the trial court should have advised the jury of all of these statutory provisions on the grounds that they were relevant to the jury's comparative negligence analysis, a position with which the Majority and I strongly disagree, for the reasons set forth hereinbelow. *Grove v. Port Auth. of Allegheny Cty.*, 178 A.3d 238, 247 (Pa. Commw. 2018).

blessing it. Thus, while I believe there was trial court error, for the benefit of preserving our established precedent on the issuance of per se negligence instructions, I analyze the question of whether there was trial court error.

In my view the trial court did not err in refusing to give all four negligence per se instructions, but rather erred only in failing to give **one** of the four instructions requested by the Port Authority.[2] With respect to the second question, I join in the Majority's determination that the trial court's error was harmless, as it was not prejudicial to the Port Authority because the jury nevertheless found Grove negligent. Majority Op. at 16-17. I write separately on this issue to emphasize that when a jury deliberates with respect to comparative negligence, it is the **conduct** of the parties that is relevant to this inquiry, not the description of the conduct as either negligence or negligence per se.

Turning to the first question of whether the trial court erred in refusing to give the four negligence per se instructions requested by the Port Authority, we examine the jury charge as a whole to determine "whether the trial court committed a clear abuse of discretion or error of law[.]" *Polett v. Pub. Commc'n, Inc.*, 126 A.3d 895, 930 (Pa. 2015). As the Superior Court stated in *Ottavio v. Fibreboard Corp.*, 617 A.2d 1296, 1302 (Pa. Super. 1992) (en banc), as a general rule the refusal to give a requested instruction, if accurate, is ground for a new trial "unless the substance thereof has otherwise been covered in the court's general charge."

---

[2] The limited nature of the trial court's actual error (as opposed to presumed error) is significant, particularly given the Chief Justice's contention that the trial court's failure to "instruct the jurors about highly material statutory provisions specifically defining multiple duties owed by Appellant" was sufficiently severe to require the grant of a new trial, which view is aligned with the Commonwealth Court's holding. Dissenting Op. at 4.

> Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. [*Stewart v. Motts*, 654 A.2d 535, 540 (Pa. 1995)] (citing *Glider v. Commonwealth Dept. of Hwys.*, 435 Pa. 140, 255 A.2d 542, 547 (1969)); *see also Price v. Guy*, 558 Pa. 42, 735 A.2d 668, 670–71 (1999) ("[E]rror will be found where the jury was probably mislead by what the trial judge charged or where there was an omission in the charge.").

*Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1069–70 (Pa. 2006).

The Port Authority requested the trial court to instruct the jury that Grove was negligent per se with respect to four sections of the Vehicle Code, 75 Pa.C.S. §§ 101 – 9805. In particular, the Port Authority sought a jury instruction in the following form:

> **75 Pa.C.S. § 3542**
>
> (b) Exercise of care by pedestrian, -No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute a hazard.
>
> **75 Pa.C.S. § 3543**
>
> (a) General rule. - Every pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway.
>
> **75 Pa.C.S. § 3544**
>
> (a) Mandatory use of available sidewalk. - Where a sidewalk is provided and its use is practicable, it is unlawful for any pedestrian to walk along and upon an adjacent roadway.
>
> *      *      *

> (d) Right-of-way to vehicles. - Except as otherwise provided in this subchapter, any pedestrian upon a roadway shall yield the right-of-way to all vehicles upon the roadway.
>
> Port Authority of Allegheny County claims that Joan Grove violated this law.
>
> If you find that Joan Grove violated this law, you must find that Joan Grove was negligent.
>
> If you find that Joan Grove did not violate this law, then you must still decide whether Joan Grove was negligent because she failed to act as a reasonably careful person would under the circumstances established by the evidence in this case.

Port Authority's Proposed Points for Charge, 9/26/2016, at 2. This charge closely tracks the language of Pennsylvania's Suggested Jury Instruction, Pa.S.S.J.I. (Civ) 13.100, which incorporates the statutory provisions upon which the negligence per se charge would be based.

The Subcommittee Note to the Pennsylvania Suggested Jury Instruction for Negligence Per Se, 13.100, indicates that "[t]his instruction is to be given when a statute specifically mandating certain conduct or prohibiting certain action is applicable." Pa.S.S.J.I. (Civ) 13.100 (subcommittee note). In determining whether the court committed an error of law in declining to give an instruction regarding negligence per se, we must examine whether the provision (1) is factually relevant to determining the duties of the parties, *see, e.g. Learn v. Vivian*, 171 A.2d 783 (Pa. 1961), and (2) creates a standard of care more specific than the reasonable man standard for common law negligence, *see, e.g., Shamnoski v. PG Energy Div. of S. Union Co.*, 858 A.2d 589 (Pa. 2004).

First, in *Learn*, a case involving a pedestrian struck by a vehicle turning left at an intersection, the plaintiff-pedestrian introduced evidence to show that the defendant-driver had made a left turn from the wrong lane, i.e., from the right-most lane of the highway on which he had been traveling. The trial court refused to provide the jury with a charge based upon a statutory provision requiring a driver to make a left turn while keeping as close as practicable to the center of the intersection. *Learn*, 171 A.2d at 784. This Court indicated that an instruction on this statutory provision was important to inform the jury of the specific rights and duties of both the driver and pedestrian in this circumstance:

> The Legislature in its wisdom has declared, so that motorists do not have to guess as to what is the safest way in which to make turns at intersections, that motorists intending to turn left at intersections, must, before reaching the intersection, be moving in a lane as close as possible to the center line. Because of the promulgation of this law, the pedestrian has the right to assume that if he sees a car at the extreme right of the street on which he is traveling, the driver has no intention of turning left into the intersection street.

*Id.* Because a negligence per se instruction would have informed the jurors with respect to the rights and obligations imposed by statute when a car is turning left while a pedestrian is crossing, this Court affirmed the trial court's grant of a new trial based upon its erroneous omission of the charge.

Second, in *Shamnoski* this Court clearly explained when a negligence per se instruction is required. We indicated that "[f]or a legislative enactment to be considered as 'fixing a standard for all members of the community, from which it is negligence to deviate,' the act must first of all provide[ ] that under certain circumstances particular acts shall or shall not be done." *Shamnoski*, 858 A.2d at 601 (quoting *Beaver Valley Power Co. v. National Engineering & Contracting Co.*, 883 F.2d 1210, 1221 (3rd Cir. 1989)). The language of the statute must be scrutinized to decide whether it is sufficiently "specific as

to leave little question that a person or entity found in violation of it deviated from a reasonable standard of care." *Id.* at 601-02. We observed, by way of example, that section 3361 of the Vehicle Code provided a very general rule to the effect that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing… ." *Id.* We explained that because section 3361 did not identify any specific speeds that may be exceeded, it did no more than restate the reasonable man standard for common law negligence. *Id.* Conversely, section 3362 set forth the specific numeric limits on vehicle speed which every Pennsylvania driver must obey in all circumstances. *Id.* As such, a negligence per se instruction is appropriate for violations of section 3362, but not for section 3361.

With these foundational principles having been established, I turn to the present case. The Port Authority sought instructions incorporating the language of the four cited provisions of the Vehicle Code on which it sought to premise Grove's negligence per se, 75 Pa.C.S. §§ 3542(b), 3543(a), 3544(a), and 3544(d). Port Authority argues that it was entitled to an instruction based upon testimony at trial that Grove crossed Montour Way outside of the marked crosswalk, never looked for cars on Sixth Avenue and stepped directly onto Sixth Avenue into the path of a Port Authority bus without yielding the right of way. Port Authority's Brief at 10-11. By comparison, Grove argues that the statutory provisions referenced by the Port Authority do not support a negligence per se instruction in this case, because there was no evidence that Grove "intended … or attempted to cross Sixth Avenue." Grove's Brief at 10. She further asserts that the Vehicle Code, and right-of-way provisions specifically, are not suitable for negligence per se because they do not impose absolute liability for violations. She argues that the jury "must still decide if the pedestrian exercised due care." *Id.* at 24-25.

Starting with 75 Pa.C.S. § 3542(b), this section of the Vehicle Code provides that "[n]o pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute hazard." 75 Pa.C.S. § 3542(b). The trial court did not err in declining to give a negligence per se charge on this statutory provision. The language of this section merely prohibits a pedestrian from moving into the path of a vehicle which is "so close as to constitute hazard," and in so doing merely advises pedestrians to act as a reasonable person would when moving close to an oncoming vehicle. This provision is thus not suitable for a negligence per se instruction because it only expresses the familiar and flexible reasonable man standard. *Shamnoski*, 858 A.2d at 602.

It was likewise not error to decline to give a negligence per se charge for 75 Pa.C.S. § 3544(a) to instruct the jury that "[w]here a sidewalk is provided and its use practicable, it is unlawful for a pedestrian to walk along and upon an adjacent roadway." 75 Pa.C.S. §3544(a). The Port Authority does not explain the relevance of this section. When she was struck by the bus, Grove was crossing Montour Way, near an intersection and not alongside any sidewalk. Because there was no available sidewalk, this provision is simply inapplicable.

Next, section 3544(d) of the Vehicle Code provides that "[e]xcept as otherwise provided in this subchapter,[3] any pedestrian upon a roadway shall yield the right-of-way to all vehicles upon the roadway." 75 Pa.C.S. § 3544(d). In my view, it was error for the

---

[3] The introductory phrase to section 3544(d) – "[e]xcept as otherwise provided in this subchapter" – obviously refers to section 3542(a), which indicates that "[w]hen traffic-control signals are not in place or not in operation, the driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection." 75 Pa.C.S. § 3542(a). Sections 3544(d) and 3542(a), taken together, indicate that the pedestrian has the right of way when inside of a crossway at an intersection or any other marked crosswalk, but vehicles on the roadway have the right of way when the pedestrian is not inside of a crosswalk.

trial court not to have given a negligence per se instruction with respect to this provision. Section 3544(d) indicates that where a pedestrian is on a roadway, she must yield the right of way to oncoming vehicular traffic on **that** roadway. The record here supports giving this instruction on at least two evidentiary bases. *Meyer v. Union R. Co.*, 865 A.2d 857, 866 (Pa. Super. 2004) (holding that a trial court should charge on a point of law when there is some factual support in the evidentiary record to support the charge). First, there was substantial testimony, including from both of the non-party witnesses, that Grove, upon leaving the crosswalk on Montour Way, ventured onto Sixth Avenue, at which time she was struck by the Port Authority bus traveling on Sixth Avenue. N.T., 9/21/2016, at 9 (Dante Anglin); N.T., 9/27/2016, at 166-67 (Joyce Broadwick). Alternatively, Grove testified while she left the crosswalk on Montour Way, she nevertheless remained at all times on Montour Way and was struck by the Port Authority bus when it encroached onto Montour Way. N.T., 9/21/2016, at 45. In either instance, it was within the jury's province to conclude that Grove and the Port Authority bus were on the same roadway and that Grove, without looking behind her for oncoming traffic, failed to yield the right of way to the bus. As a result, it was error for the trial court not to give a negligence per se instruction, since without it the jury was left without knowing that Grove, rather than the Port Authority bus, had the legal obligation to yield the right of way. *See Jenkins v. Wolf*, 911 A.2d 568, 571 (Pa. Super. 2006). Without knowing which party had the right of way, the jury was left with the wrong impression that both the pedestrian and the bus had the same obligation to look out for each other. *Id.*

Section 3543(a) of the Vehicle Code mandates that "[e]very pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway." Section 3543(a) arguably would apply in the circumstance presented by Grove's testimony, namely where

she remained on Montour Way (but outside of the crosswalk) and was hit by the Port Authority bus after it veered off of Sixth Avenue onto Montour Way. It was not error for the trial court not to provide a negligence per se instruction, however, as it would have been merely cumulative of an instruction pursuant to section 3544(d), which likewise covers this same sequence of events and would have provided no additional guidance to the jury with respect to the right of way. It is not an abuse of discretion or an error of law for a trial court not to provide a jury instruction cumulative of other jury instructions. *Stewart v. Motts*, 608, 654 A.2d 535, 541 (Pa. 1995).[4]

Since in my view the trial court erred in its failure to give a negligence per se instruction with respect to section 3544(d), I turn to the second question on which this Court granted discretionary review – namely whether the failure to give the requested instruction resulted in prejudice to the Port Authority such that a new trial is required. The Commonwealth Court determined that "the negligence per se instruction, coupled with the duties of care for pedestrians set forth in the Vehicle Code were relevant to the jury's apportionment of comparative negligence here." *Grove*, 178 A.3d at 247. It described apportionment as a practical and case-specific inquiry which allows the jury to consider "all circumstances," including "the number and type of specific duties violated in addition

---

[4] The Port Authority contends that, at a minimum, the trial court should have reconsidered and provided the requested negligence per se instructions when the jury posed written instructions to the trial court during its deliberations. In particular, the jury asked, "What is the pedestrian right of way law in the City of Pittsburgh?" The trial court responded that "[t]he right of way law is not an issue in this case." N.T., 9/27/2016, at 326.

This Court has stated, "where a jury returns on its own motion indicating confusion, the court has the duty to give such additional instructions on the law as the court may think necessary to clarify the jury's doubt or confusion." *Worthington v. Oberhuber*, 215 A.2d 621, 621 (Pa. 1966). The trial court's response was an incorrect statement of the law, as rights of way clearly were a relevant issue in the case. In response to the jury's question, the trial court should have provided a negligence per se instruction with respect to section 3544(d), for the reasons discussed in the text.

to the general duty of a reasonable person to protect herself and others." *Id*. at 248. Therefore, it found that the failure to instruct the jury could have impacted the jury's determination as to how to apportion negligence. *Id*.

Judge Pelligrini dissented. He expressed the view that the trial court should have given the negligence per se charge, but that its failure to do so did not result in any prejudice that would necessitate the grant of a new trial. *Grove*, 178 A.3d at 252 (Pellegrini, J., dissenting). He explained that the distinction between negligence per se and negligence is irrelevant to determining causation because it is the "conduct" that factually causes the injury. Accordingly, Grove's stepping on Sixth Avenue when she moved outside of the crosswalk on Montour Way was the conduct that contributed to the injuries, regardless of whether that conduct was categorized as negligence or negligence per se. *Id*. Judge Pellegrini challenged the majority's position that the comparative negligence apportionment charge (i.e., Pa.S.S.J.I. (Civ) § 13.190) allows the jury to consider all circumstances without limitation in determining how to apportion causation, including, "the number and type of specific duties violated[.]" *Id*. at 254 (citing *id*. at 248). Although the "jury may make common-sense determinations" to apportion causation, the jury is directed to focus on the underlying conduct and not the description of the conduct as negligence or negligence per se. *Id*. at 254-55. Judge Pellegrini also pointed out that the majority only cited to one case in support of its conclusion that causation can vary based upon the categorization of negligence, *White by Stevens v. Southeastern Pennsylvania Transportation Authority*, 518 A.2d 810, 818 (Pa. Super. 1986) (citing *Johns v. Secress*, 126 S.E.2d 296, 298 (Ga. Ct. App. 1962)). However, he correctly noted that the case only recognizes that it is within the exclusive province of the jury to apportion negligence and provides no support for the majority's position that the jury may actually consider the number of instances of negligence in apportioning negligence.

In reversing the Commonwealth Court, the Majority faults the Commonwealth Court for failing to conduct a genuine prejudice analysis. Majority Op. at 19. Specifically, the Majority critiques the Commonwealth Court's determination that the omission of the negligence per se instruction "**could** have impacted the jury's apportionment decision" as a finding which falls short of the legal requirement that the appellate court must affirmatively conclude that the omission of the instruction "would have impacted the outcome." *Id.* at 16 (emphasis in original). Next, the Majority determines that "any omission of a negligence per se charge was not a fundamental error and Port Authority was not prejudiced" in this case, because the jury – despite the lack of instruction regarding negligence per se – ultimately found Grove negligent. *Id.* at 16-17. The Majority emphasizes the elements of negligence, drawing attention to the fact that the categorization of negligence impacts the duty and breach requirements, but has no bearing on the latter two elements, which require consideration of causation and comparative negligence. *Id.* at 16-17.

I agree with the Majority's analysis. I would also emphasize that the Commonwealth Court mischaracterized the nature of the apportionment determination as one which allows the jury to consider "all circumstances," including "the number and type of specific duties violated in addition to the general duty of a reasonable person to protect herself and others." *Grove*, 178 A.3d at 248. As Judge Pellegrini cogently explained, the instruction on negligence per se merely assists the jury in categorizing certain conduct as negligent, it does not aid the jury in determining whether that conduct contributed to the injury. *See Ford v. Philadelphia Housing Authority*, 848 A.2d 1038, 1050 n.11 (Pa. Commw. 2004) (providing that negligence per se establishes duty and breach but does not answer the question of causation). Thus, the jury was not entitled to consider "all circumstances" including "the number and type of specific duties violated[,]" *Grove*, 178

A.3d at 248, but instead, was required to focus on whether the **conduct** actually caused the injury when it was apportioning negligence.

Put plainly, conduct causes an injury, not the categorization of the conduct as negligence or negligence per se. As stated by Judge Pellegrini, "[f]actual cause is determined by comparing the 'conduct' of the parties." *Grove*, 178 A.3d at 254. Indeed, this Court has explained the same principle:

> A finding of negligence per se does no more than satisfy plaintiff's burden of establishing that a defendant's conduct was negligent. *See*, Section 288 B of the Restatement of Torts Second; *Prosser*, *Torts* Ch. 5 § 36 pp. 200-201 (4th ed. 1971). However, the burden remains upon plaintiff to establish that his complained of injuries were proximately caused by the statutory violations. *Kaplan v. Kaplan*, 404 Pa. 147, 171 A.2d 166 (1961).

*Congini by Congini v. Portersville Valve Co.*, 470 A.2d 515, 518 n.4 (Pa. 1983) (holding that hosts of a party who served a minor with alcoholic beverages until the point of intoxication were negligent per se in serving that alcohol). Likewise, the Pennsylvania Suggested Jury Instructions articulates this concept by stating that, in order to recover, the plaintiff's "**conduct** must have been a factual cause in bringing about harm." Pa.S.S.J.I. (civ) 13.20 (emphasis added). Here the trial court properly instructed this jury that "[t]o be a factual cause, the conduct must have been an actual, real factor in causing the harm." N.T., 9/27/2016, at 299. Thus, "[i]n determining factual cause, it does not matter **how** a plaintiff breached a duty of care (e.g., negligence per se or just plain negligence) because the factual cause of injury is the same – here, negligently walking on Sixth Avenue." *Grove*, 178 A.3d at 254.

"Negligence per se" is simply a label for the conduct. It functions as a shortcut for the jury to resolve the question of negligence simply based upon violation of a specific and relevant law. However, once the jury resolves that question and finds negligence per

se, the label has no further usefulness. The label itself has no bearing on the jury's consideration of causation, which depends entirely on its view of the **conduct.**

In this case, because under any description of Grove's conduct, the jury's determination was based on her encroaching into Sixth Avenue without looking behind her, the categorization of the conduct with the labels "negligence" or "negligence per se" could have no legitimate impact on the causation determination. The Commonwealth Court was incorrect to suggest that the jury could consider "the number and type of specific duties violated" when it was apportioning negligence. *Grove,* 178 A.3d at 248. Determining the comparative negligence of the parties is not a matter of counting the number of ways that the negligence of each of the parties may be characterized. Instead, the jury was required to focus its consideration on whether the **conduct** (no matter how categorized) was "an actual, real factor in causing the harm." N.T., 9/27/2016, at 299.